1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LEONARD MICHAEL KING,                          No.  2:15-cv-02174 AC P

12                     Petitioner,

13            v.                                      ORDER

14    CHRISTIAN PFEIFFER, Warden,
      Kern Valley State Prison,[1]
15
                      Respondent.
16

17            Petitioner, a state prisoner proceeding pro se, has filed an application for writ of habeas

18    corpus pursuant to 28 U.S.C. § 2254, challenging his 2008 conviction and sentence rendered by

19    the Sacramento County Superior Court.  Petitioner acknowledges that his petition is untimely but

20    seeks equitable tolling based on his mental impairment.  Plaintiff requests leave to proceed in

21    forma pauperis, and requests appointment of counsel.  Petitioner has consented to the jurisdiction

22    of the undersigned United States Magistrate Judge for all purposes pursuant to 28 U.S.C. §

23    636(c), and Local Rule 305(a).  See ECF No. 4.

24            For the reasons that follow, petitioner is directed to submit a new request to proceed in

25    forma pauperis, an amended petition for writ of habeas corpus, and a separate request for

26    _____

      [1]  Warden Pfeiffer is substituted as respondent herein.  Petitioner improperly named as respondent
27    the "People of the State of California."  A federal petition for writ of habeas corpus must name as
      respondent the state officer having custody of petitioner.  See 28 U.S.C. § 2254; Rule 2(a), Rules
      Governing Section 2254 Cases in the U.S. District Courts; Smith v. Idaho, 392 F.3d 350, 354-55
28    (9th Cir. 2004); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

1  equitable tolling that includes a copy of his supporting mental health records.  Petitioner's request

2  for appointment of counsel is denied without prejudice.

3      Petitioner's request to proceed in forma pauperis is not set forth on the proper form, does

4  not provide the required information, and fails to include the appropriate certification and

5  supporting documentation.  Before this court can consider the merits of his petition for writ of

6  habeas corpus, petitioner must submit an appropriate and fully completed application to proceed

7  in forma pauperis <u>OR</u> the required filing fee ($5.00).  <u>See</u> 28 U.S.C. §§ 1914(a); 1915(a).

8      Significantly, petitioner concedes that his habeas petition is untimely filed, but attributes

9  the delay to his mental illness and related medications.  Petitioner states that he was "[i]n and out

10  of the Mental Health Ward in 'CDCR' since 2011 intell (sic) 9-22-15."  ECF No. 1 at 6; <u>see</u> <u>also</u>

11  <u>id.</u> at 7, 9, 10, 15, 16; ECF No. 5 at 1; ECF No. 6 at 3.  Petitioner states that he is "no longer on

12  strong medication," ECF No. 1 at 16, and is now able to proceed with this petition.  Petitioner

13  offers to forward a copy of his pertinent mental health records.  <u>See</u> ECF No. 7.  Review of the

14  dockets for petitioner's state court cases[2] indicates that the California Supreme Court denied

15  review on petitioner's direct appeal on February 15, 2012, and the remittitur was issued on

16  February 17, 2012.  It does not appear that petitioner filed any petition for collateral review in the

17  state courts.  Petitioner filed his petition for habeas corpus in this court on October 6, 2015,[3] long

18  after expiration of the one-year statute of limitations established by the Antiterrorism and

19  Effective Death Penalty Act of 1996 (AEDPA).  <u>See</u> 28 U.S.C. § 2244(d)(1).

20      Within the Ninth Circuit, a petitioner may be entitled to equitable tolling based on mental

21  impairment, although the test is stringent.  <u>See</u> <u>Bills v. Clark</u>, 628 F.3d 1092, 1099-1100 (9th Cir.

22  2010) (setting forth two-part test); <u>Yeh v. Martel</u>, 751 F.3d 1075, 1078 (9th Cir. 2014)

23

---

24  [2]  This court may take judicial notice of its own records and the records of other courts.  <u>See</u>
<u>United States v. Howard</u>, 381 F.3d 873, 876 n.1 (9th Cir. 2004); <u>United States v. Wilson</u>, 631

25  F.2d 118, 119 (9th Cir. 1980); <u>see also</u> Fed. R. Evid. 201 (court may take judicial notice of facts
that are capable of accurate determination by sources whose accuracy cannot reasonably be
questioned).

26  [3]  Petitioner's filing date is based on application of the prison mailbox rule, pursuant to which a
document is deemed served or filed on the date a prisoner signs the document (or signs the proof

27  of service, if later) and gives it to prison officials for mailing.  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266
(1988) (establishing prison mailbox rule); <u>Campbell v. Henry</u>, 614 F.3d 1056, 1059 (9th Cir.

28  2010) (applying the mailbox rule to both state and federal filings by prisoners).

(emphasizing the stringency of the test).  As set forth in <u>Bills</u>, 628 F.3d at 1099-1100 (citations and fn. omitted):

> [E]ligibility for equitable tolling due to mental impairment requires the petitioner to meet a two-part test:
>
> (1)  First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, by demonstrating the impairment was so severe that either
>
>> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>>
>> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.
>
> To reiterate:  the "extraordinary circumstance" of mental impairment can cause an untimely habeas petition at different stages in the process of filing by preventing petitioner from understanding the need to file, effectuating a filing on his own, or finding and utilizing assistance to file.  The "totality of the circumstances" inquiry in the second prong considers whether the petitioner's impairment was a but-for cause of any delay.  Thus, a petitioner's mental impairment might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance the petitioner does secure.  The petitioner therefore always remains accountable for diligence in pursuing his or her rights.

Petitioner will be accorded the opportunity to develop this argument.  Petitioner is directed to file a separate request for equitable tolling that includes a copy of his supporting mental health records.

Petitioner is also directed to file an amended petition for writ of habeas corpus.  The current petition fails to provide the decision dates of the California Court of Appeal and Supreme Court in considering petitioner's direct appeal.  More importantly, the current petition fails to clearly and succinctly articulate each ground upon which petitioner seeks relief in this court. Petitioner's federal claims should be the same as some, or all, of the grounds upon which petitioner sought review in the California Supreme Court.  This court cannot consider the merits

1   of any claim that was not presented to the California Supreme Court.  See 28 U.S.C. § 2254(b).

2   Petitioner should review his petition for review submitted to the California Supreme Court, in

3   conjunction with his appellate brief submitted to the Third District Court of Appeal, in order to

4   identify the claims he exhausted in the state courts and clarify the grounds upon which petitioner

5   seeks relief in this court.

6       Finally, petitioner requests appointment of counsel.  See e.g. ECF No. 1 at 16; ECF No. 5

7   at 3; ECF No. 6 at 3.  Petitioner is informed that there is no absolute right to appointment of

8   counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).

9   Although 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of a habeas

10  proceeding "if the interests of justice so require," See Rule 8(c), Fed. R. Governing § 2254 Cases,

11  the court finds that the interests of justice do not require appointment of counsel in this case at the

12  present time.  Petitioner's request will be denied without prejudice to a renewal of the motion, if

13  appropriate, at a later stage of these proceedings.

14      Accordingly, IT IS HEREBY ORDERED that:

15      1.  Petitioner shall, within sixty (60) days after service of this order, complete and submit

16  to this court the following matters:

17          a.  An amended and fully completed application to proceed in forma pauperis OR

18          payment of the required filing fee ($5.00).

19          b.  An amended petition for writ of habeas corpus that conforms with court's

20          instructions herein.

21          c.  A separate request for equitable tolling, in conformance with the test set forth in

22          Bills v. Clark, supra, 628 F.3d at 1099-1100, that includes a copy of petitioner's pertinent

23          mental health records.

24      2.  The Clerk of the Court is directed to send petitioner a copy of the forms used in this

25  district by prisoners seeking in forma pauperis status, and for pursuing a writ of habeas corpus

26  under 28 U.S.C. § 2254.

27      3.  The Clerk of Court is also directed to substitute Warden Christian Pfeiffer as

28  respondent herein.

4

4.  Petitioner's request for appointment of counsel, made throughout his filings, is denied without prejudice.

5.  Petitioner's failure to timely submit the above-identified matters to the court may result in the dismissal of this action.

DATED: March 24, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5