UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD MICHAEL KING,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CHRISTIAN PFEIFFER,<br><br>　　　　　Respondent. | No.  2:15-cv-2174 DB P<br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Before the court is petitioner's first amended petition and motion to proceed in forma pauperis ("IFP").  For the reasons set for the below, this court will grant petitioner's request to proceed IFP, dismiss the petition, and provide petitioner another opportunity to amend the petition.

**BACKGROUND**

Petitioner initiated this action in 2015 by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  Therein, petitioner challenged his 2008 conviction and sentence rendered by the Sacramento County Superior Court.  At that time, petitioner acknowledged that his petition was untimely but sought equitable tolling based on his mental impairment.

////

On screening, the previously assigned Magistrate Judge found the petition failed to state a cognizable habeas claim. Petitioner was provided an opportunity to amend his petition. In addition, petitioner was given an opportunity to move for equitable tolling of the statute of limitations based on his mental health. Finally, petitioner was instructed to file a fully completed application to proceed IFP. (ECF No. 8.)

On March 28, 2016, petitioner filed over 600 pages of medical records in response to the court's order. (ECF No. 9.) On May 2, 2016, petitioner filed an amended petition. (ECF No. 10.) On May 9, petitioner filed an application to proceed IFP. (ECF No. 11.)

## APPLICATION TO PROCEED IFP

Examination of the affidavit accompanying petitioner's motion to proceed IFP reveals he is unable to afford the costs of this action. Accordingly, leave to proceed IFP is granted. 28 U.S.C. § 1915(a).

## SCREENING

### I.    Legal Standards

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). This means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Drawing on the Federal Rules of Civil Procedure, when considering whether a petition presents a claim upon which habeas relief can be granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the petition in the light most favorable to the petitioner, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than

those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)). See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.")

Rule 2(c) of the Rules Governing § 2254 Cases requires every habeas petition to (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Although, as stated above, pro se petitions receive less scrutiny for precision than those drafted by lawyers, a petitioner must give fair notice of his claims by stating the factual and legal elements of each claim in a short, plain, and succinct manner. See Mayle v. Felix, 545 U.S. 644, 648 (2005) ("In ordinary civil proceedings ... Rule 8 of the Federal Rules of Civil Procedure requires only 'a short and plain statement[.] ... Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement.") Allegations in a petition that are vague, conclusory, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. Jones v. Gomez, 66 F.3d 199, 204–05 (9th Cir.1995); James v. Borg, 24 F.3d 20, 26 (9th Cir.1994).

**II.     Discussion**

Petitioner does not include any claims for relief in his amended petition. (See ECF No. 10.) Petitioner is advised that the court cannot look to his original petition to make his amended petition complete. Local Rule 220 requires that an amended pleading be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once petitioner filed an amended petition, the original petition no longer serves any function in the case.

3

Even if the court could look to petitioner's original petition, petitioner was advised previously that his original petition did not state cognizable claims for relief. Habeas relief under 28 U.S.C. § 2254 is available only on the ground that petitioner is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a). As the court previously instructed petitioner, petitioner should look to the appellate brief submitted on his behalf in the Third District Court of Appeal. According to the petition, petitioner was represented by attorney Patricia J. Ulibarri at that time.

In addition, petitioner should look to the petition for review filed in the California Supreme Court. Petitioner may only raise claims in this court that he previously raised before the California Supreme Court. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) ("[E]xhaustion of state remedies requires that petitioners fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.")

Until petitioner has filed a habeas petition in which he alleges at least one claim that is cognizable under 28 U.S.C. § 2254, this court will not proceed to consider whether petitioner is entitled to equitable tolling of the statute of limitations.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Petitioner's application to proceed IFP (ECF No. 11) is granted.
2. Petitioner first amended petition (ECF No. 10) is dismissed with leave to amend.
3. Within thirty days of the date of this order, petitioner shall file an amended petition. The amended petition shall include the case number assigned to this action and shall be titled "Second Amended Petition." Petitioner is again warned that the court cannot refer to his prior petitions to make his Second Amended Petition complete. Petitioner must include all claims for habeas corpus relief in his second amended petition.
4. The Clerk of the Court is directed to send petitioner a copy of the form used in this district for pursuing a writ of habeas corpus under 28 U.S.C. § 2254.

////

////

5. Petitioner is warned that his failure to comply with this order may result in dismissal of this action.

Dated:  March 15, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/king2174.fap scrn