UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD MICHAEL KING, | No. 2:15-cv-2174 DB P |
| Petitioner, | |
| v. | ORDER |
| CHRISTIAN PFEIFFER, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with an action under 28 U.S.C. § 2254. On March 16, 2017, the court found petitioner failed to state any claims cognizable on habeas corpus. (ECF No. 18.) Petitioner was given leave to file an amended petition.

Petitioner has requested the appointment of counsel. He states that he is in a mental health facility and does not have the ability to comply with the court's order due to his mental illness and lack of literacy. Petitioner states that his TABE score is 3.3. "The TABE (Tests of Adult Basic Education) scores reflect an inmate's educational achievement level and are expressed in numbers reflecting grade level." Marcelo v. Hartley, 2008 WL 4057003, *4 n. 7 (C.D. Cal. 2008) (citing In re Roderick, 154 Cal. App. 4th 242, 253 n. 5, 257 n. 10). Petitioner's TABE score indicates that he functions at a third grade level. California regulations require inmates with a TABE score lower than 4.0 to be evaluated for staff assistance or a reasonable accommodation

for "effective communication" in prison disciplinary proceedings. 15 Cal. Code Regs. § 3000. (ECF No. 22.)

There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the court's screening orders dated March 25, 2016 and March 16, 2017, petitioner was informed that he should look to the appellate brief submitted on his behalf to the state Court of Appeal and to his petition for review to the California Supreme Court to identify claims to raise in his habeas petition here. (ECF No. 18 at 4.) Petitioner appears to be unable to follow these instructions.

The court finds that the interests of justice would be served by the appointment of counsel for the limited purpose of filing an amended petition.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Petitioner's motion for appointment of counsel (ECF No. 22) is granted.

2. The Federal Defender is appointed to represent petitioner through the filing of an amended petition.

3. The Clerk of the Court shall serve a copy of this order on the Federal Defender, Attention: Habeas Appointment.

4. Within thirty days of the filed date of this order, counsel shall file an amended petition for a writ of habeas corpus on petitioner's behalf. If appropriate, the petition should include any request for equitable tolling of the statute of limitations.

Dated: July 28, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/king2174.110a